# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY WILLIAM GAMP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0004** |
| **PENN MARITIME, INC., et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court are Third Party Defendant Winn Dixie Montgomery, LLC's ("Winn Dixie") Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6)[1] and Plaintiff Henry William Gamp's ("Gamp") Motion for Leave to File Fourth Supplemental and Amended Complaint.[2] After reviewing the motions, the memoranda in support, the oppositions, the record, and the applicable law, the Court will deny Winn Dixie's motion to dismiss and grant Gamp leave to file a fourth supplemental and amended complaint.

## I. Background

### *A. Factual Background*

In the original complaint, Gamp claims that on April 13, 2011, he was a seaman acting as chief mate of the vessel ATB Lucia/Carribean, which was owned and operated by his employer, Defendant Penn Maritime, Inc. ("Penn").[3] On this date, Gamp claims he was "ordered to leave his vessel, go to LaPlace, Louisiana, and pick up groceries and supplies for the vessel."[4] Gamp avers that while he was loading these groceries into the truck, he suffered serious injuries, including a

---

[1] Rec. Doc. 33.

[2] Rec. Doc. 40.

[3] Rec. Doc. 1 at ¶¶ 2-3.

[4] *Id.* at ¶ 6.

ruptured lumbar disc, which has required surgery and other medical treatment. Gamp claims that he is now permanently disabled.[5]

Gamp avers that the accident and resulting injuries were "the direct and proximate result of the negligence of his employer and the unseaworthiness of the vessel ATB Lucia/Carribean" for failure to provide Gamp with the proper manpower and equipment to complete the job safely.[6] Gamp invokes this Court's jurisdiction under the Jones Act.[7]

## B. Procedural Background

After the initial complaint was filed, Penn deposed Gamp. Subsequent to the deposition, Penn filed a third party complaint against Winn Dixie on October 8, 2012, alleging that an employee of the grocer, Winn Dixie, overloaded a box of groceries lifted by Gamp, and therefore Winn Dixie is liable for any damages Gamp suffered.[8] On November 28, 2012, Winn Dixie filed the pending motion to dismiss Penn's third party complaint for failure to state a claim.[9] On December 7, 2012, Gamp filed the pending motion for leave to file a fourth supplemental and amended complaint in order to add Winn Dixie as a direct defendant.[10] On December 11, 2012, Penn filed an opposition to the motion to dismiss the third party complaint.[11] On December 12, 2012, Winn Dixie filed an

---

[5] *Id.* at ¶ 7.

[6] *Id.* at ¶ 8.

[7] *Id.* at ¶ 1.

[8] Rec. Doc. 25.

[9] Rec. Doc. 33.

[10] Rec. Doc. 40.

[11] Rec. Doc. 41.

opposition to Gamp's motion for leave to file a fourth supplemental and amended complaint.[12] On December 14, 2012 after receiving leave of Court, Winn Dixie filed a reply to Penn's opposition to its motion to dismiss Penn's third party complaint.[13] Finally, on December 17, 2012, Plaintiff Gamp filed an opposition to Third Party Defendant Winn Dixie's motion to dismiss Defendant Penn's third party complaint.[14]

## II. Parties' Arguments

### A. *Winn Dixie's Motion to Dismiss Penn's Third Party Complaint*

In support of the motion to dismiss Penn's third party complaint, Winn Dixie argues that Penn's complaint fails to state a claim upon which relief can be granted because "a grocer owes no duty to limit the weight of a box of groceries."[15] Winn Dixie cites the United States Court of Appeals for the Fifth Circuit in *Chavez v. Noble Drilling, Corp.*,[16] where a plaintiff was injured after lifting an unlabeled box of groceries weighing in excess of 100 pounds. Winn Dixie argues that the Fifth Circuit held that "there was no duty by the supplier of the groceries to label boxes as to their weight," but that the grocer only owed a duty to properly package the groceries.[17]

In opposition, Penn argues that Winn Dixie is incorrect when it states that it owed no duty to Gamp, because under Louisiana law Winn Dixie owes all patrons a duty.[18] Penn further explains

---

[12] Rec. Doc. 42.

[13] Rec. Doc. 46.

[14] Rec. Doc. 47.

[15] Rec. Doc. 33-1 at p. 2.

[16] 567 F.2d 287 (5th Cir. 1978).

[17] Rec. Doc. 33-1 at p. 3.

[18] Rec. Doc. 41 at p. 3.

3

that under Louisiana's duty-risk analysis, to find Winn Dixie liable, five elements would need to be proven: (1) that Winn Dixie provided substandard conduct that was a cause-in-fact of Gamp's injuries; (2) that Winn Dixie's conduct failed to conform to the appropriate standard (i.e. breach); (3) that Winn Dixie had a duty to conform his conduct to a specific standard; (4) that Winn Dixie's conduct was the legal cause of Gamp's injuries; and (5) that Gamp suffered actual damages.[19] Penn also cites to Louisiana Civil Code article 2315, which obliges one who caused a damage to another to repair it, and Louisiana case law that business owners owe a fundamental duty to exercise reasonable care to protect its customers from injury.[20] As such, Penn argues that Winn Dixie:

> clearly owed a duty to plaintiff to exercise reasonable care to protect him from injury and warn him of known dangers, especially where the injury was allegedly caused by the negligent acts of its own employees. Arguably, Winn-Dixie breached this duty by failing to properly pack groceries by loading too much into each box, failing to assist plaintiff in lifting the groceries, failing to warn plaintiff of the improper packing and excessive weight, and failing to follow its own policies regarding the safe and proper way to load groceries into bags/boxes.[21]

Penn distinguishes *Chavez*, claiming that it only held that a supplier of groceries owes no duty to label the boxes as to weight.[22] Moreover, Penn argues that *Chavez* and the other cases relied upon by Winn Dixie are factually distinguishable because in the cited cases, the plaintiff was injured while lifting a grocery box offshore, and was never a patron of the grocer; however, here, Gamp was a patron of Winn Dixie and injured on its premises.[23] Based on this difference, Penn avers that "a

---

[19] *Id.* at p. 4 (citing *Perkins v. Entergy Corp.*, 2000-1372 (La. 3/23/01); 782 So.2d 606, 611).

[20] *Id.* (citing *Turner v. Krauss Co., Ltd.*, 543 So.2d 563, 565 (La. App. 4 Cir. 1989)).

[21] *Id.* at pp. 5-6.

[22] *Id.* at p. 6.

[23] *Id.*

4

different duty was owed to [Gamp] than the duty owed to the offshore worker, [who was] not a store patron injured on store property, [like in] the cases relied upon by Winn-Dixie."[24]

In the alternative, Penn asks in its opposition, but not in a formal motion, that it be allowed to amend the third party complaint to "more fully set forth its claim against Winn Dixie," pointing out that Gamp has filed for leave to amend the complaint so as to allege that Winn Dixie was negligent for improperly packaging groceries, loading too much into each bag, failing to warn of the excessive weight, and violating its own policies of safe packing.[25] Penn argues that under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely granted.[26] However, considering Penn has not filed a motion formally requesting leave to amend its third party complaint, this issue is not properly before the Court.

In reply, Winn Dixie argues that Penn "is unable to cite a single case supporting its position that a grocer, such as Winn Dixie, owes a legal duty to its customer ... to limit the weight of a package of groceries."[27] Winn Dixie also maintains that Penn "fails to explain why a different duty is owed to a person lifting a bag on a grocer's premises versus someone lifting that bag elsewhere."[28] While Winn Dixie agrees that it owed Gamp a duty of reasonable care, it argues that *Chavez* and the cases following it establish that this duty is not breached by failing to limit the weight of groceries.[29]

---

[24] *Id.* at p. 7.

[25] *Id.* at pp. 7-8, n. 4.

[26] *Id.* at p. 7.

[27] Rec. Doc. 46 at p. 1.

[28] *Id.* at p. 2.

[29] *Id.*

5

In addition, Winn Dixie opposes Penn's request to amend its third party complaint. Winn Dixie maintains that while Penn cites the liberal instruction for courts to allow amendment under Federal Rule of Civil Procedure 15, because the Court issued a scheduling order in this matter, amendments are actually governed by Federal Rule of Civil Procedure 16, which requires a showing of good cause to amend untimely.[30] Winn Dixie cites the scheduling order which established a September 10, 2012 deadline for third party complaints and amendments, and avers that Penn has failed to demonstrate good cause. However, as stated earlier, Penn has not brought a motion for leave to amend its third party complaint, so this issue is not before the Court.

Gamp, in opposition to Winn Dixie's motion to dismiss Penn's third party complaint, argues that in *Chavez*, which Winn Dixie has cited in support of its arguments, the Fifth Circuit actually held that a grocer does owe a duty to its customers to properly pack its boxes.[31] Gamp also distinguishes *Chavez*, arguing that in that case the Fifth Circuit held that a grocer did not owe a duty to label the weight of groceries, but did owe a duty to properly package, which is exactly what Gamp and Penn now claim as the basis for adding Winn Dixie in the fourth supplemental and amended complaint and the third party complaint, respectively.

### B. *Gamp's Motion for Leave to File Fourth Supplemental and Amended Complaint*

In support of Gamp's motion for leave to file his amended complaint, Gamp explains that based on new information, he believes he has a cause of action against Winn Dixie, and wishes to add it as a direct defendant.[32] Gamp avers that as Winn Dixie is already a party to this suit through

---

[30] *Id.* at p. 3.

[31] Rec. Doc. 47 at p. 3.

[32] Rec. Doc. 40-1 at p. 1.

Penn's third party complaint "its inclusion as a direct defendant to plaintiff's suit does not prejudice [Winn Dixie] and will not unduly alter the current proceedings."[33]

In opposition, Winn Dixie argues that Gamp has failed to show good cause as required under Rule 16 to amend the pleadings beyond the date called for in the scheduling order and that the proposed amendment is "simply an attempt to circumvent Winn Dixie's well founded Motion to Dismiss the Third Party Complaint."[34] Winn Dixie reiterates its contention that it is not the liberal standard of Rule 15 that governs amendment to pleadings in the matter, but rather Rule 16 because the Court has issued a scheduling order, and therefore a showing of good cause must be made in order for the Court to allow an untimely amendment. Citing the Fifth Circuit in *Southwestern Bell Telephone Co. v. City of El Paso*,[35] Winn Dixie explains that in determining good cause under Rule 16, district courts consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[36] Winn Dixie maintains that Gamp fails to meet his burden to show good cause.

Winn Dixie argues that by July 17, 2012, when Gamp was deposed, both Penn and Gamp knew of Winn Dixie's role in the incident.[37] Winn Dixie points out that in the joint status report filed by Gamp and Penn, Penn noted Gamp's failure to sue Winn Dixie.[38] After a status conference, the

---

[33] *Id.*

[34] Rec. Doc. 42 at p. 1.

[35] 346 F.3d 541 (5th Cir. 2003).

[36] Rec. Doc. 42 at pp. 2-3 (citing *Sw. Bell*, 346 F.3d at 546).

[37] *Id.* at p. 3.

[38] *Id.* at p. 4 (citing Rec. Doc. 16 at p. 8)

trial date was continued and a new scheduling order[39] was issued that set September 10, 2012 as the deadline for amendments to pleadings and third party actions.[40] Winn Dixie now argues that Penn's third party complaint was filed on October 8, 2012, almost a month after the deadline in the second scheduling order, and that Penn did not notify the Court of its untimeliness.[41] However, at no time prior to this pending motion has Winn Dixie opposed the third party complaint as untimely. Winn Dixie avers that Gamp's proposed amendment is an attempt to circumvent Winn Dixie's motion to dismiss the untimely third party complaint filed by Penn.

Winn Dixie requests that this Court not allow the amendment of Gamp's complaint, claiming that it would be prejudiced. Winn Dixie argues that it was originally made a party to this suit as a third party defendant beyond the deadline called for in the second scheduling order, on the theory that it overloaded boxes of groceries; however, now Gamp seeks to add "seven additional allegations at an even later date."[42] In addition, Winn Dixie states that in order to prepare adequately for a July 22, 2013 trial, "there is a great deal of work left to be completed in a short period of time."[43]

### III. Law and Analysis

*A. Winn Dixie's Motion to Dismiss Penn's Third Party Complaint*

---

[39] Rec. Doc. 23.

[40] Rec. Doc. 42 (citing Rec. Doc. 23 at p. 2.).

[41] *Id.*

[42] *Id.* at p. 6.

[43] *Id.*

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[44] A claim will be considered facially plausible when the plaintiff has pled facts that allow a court to draw a reasonable inference that the defendant is liable for the misconduct alleged.[45] All reasonable inferences are made in favor of the plaintiff.[46] Motions to dismiss under Rule 12(b)(6) are disfavored and should rarely be granted.[47] A district court should not dismiss a claim under Rule 12(b)(6) unless it appears beyond any doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[48]

Relying on *Chavez*, Winn Dixie argues that Penn's third party complaint fails to state a claim upon which relief can be granted because *Chavez* states that a grocer has no duty to label boxes of groceries to identify their weight. Penn also relies on *Chavez*, and distinguishes its holding because here Gamp was injured on Winn Dixie's premises, while the plaintiff in *Chavez* was injured on a platform.

In *Chavez*, the plaintiff was injured on a platform while lifting a box of groceries.[49] The plaintiff sued the grocer claiming that it failed "to label the box as to weight."[50] The Fifth Circuit affirmed the district court's grant of summary judgment dismissing the claims against the grocer,

---

[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[45] *Id.*

[46] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009).

[47] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

[48] *Id.*

[49] 567 F.2d at 288.

[50] *Id.*

9

stating that "[t]he only legal duty owed by [the grocer] was properly to pack the groceries."[51] The plaintiff in *Chavez* did not allege that the grocer improperly packaged the groceries.

Here, Penn's third party complaint alleges that Winn Dixie's "employee purportedly overloaded the box of groceries that [Gamp] alleged caused his injury."[52] This is not an allegation that could only be interpreted as a claim that Winn Dixie failed to label the weight of the groceries. Overloading the groceries could be a form of improper packaging, which the Fifth Circuit recognized in *Chavez* as actionable. Therefore, the Court cannot grant Winn Dixie's a motion to dismiss Penn's third party complaint pursuant to Rule 12(b)(6). Moreover, this Court recognizes that in *Chavez* the plaintiff was not a patron at the store, whereas here Gamp was one. Therefore, other duties recognized under Louisiana law that extend to patrons may also be applicable, further convincing this Court that *Chavez* is distinguishable, and a motion to dismiss pursuant to Rule 12(b)(6) is inappropriate in this matter. While Penn has not filed a motion requesting leave to amend its third party complaint, because the current third party complaint adequately states a claim upon which relief can be granted, the Court will not address the issue of whether Penn should be allowed to amend its third party complaint, a request not formally before the Court anyway.

### B. Gamp's Motion for Leave to File Fourth Supplemental and Amended Complaint

Also being considered here is Gamp's motion for leave to file a fourth supplemental and amended complaint to add Winn Dixie as a direct defendant. Winn Dixie opposes the amendment claiming that it is untimely and that Gamp has failed to demonstrate good cause for his delay.

---

[51] *Id.* at 289.

[52] Rec. Doc. 25 at p. 4.

Amendment of pleadings is generally governed by Federal Rule of Civil Procedure 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires." However, once a scheduling order has been entered, it is instead Federal Rule of Civil Procedure 16(b) that governs.[53] The Rule provides that "[a] schedule may be modified only for good cause and with the judge's consent."[54] It is only after good cause is shown that the more liberal standard of Rule 15 applies.[55] Winn Dixie correctly states that four factors are considered in a determination of good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[56] The Fifth Circuit has stated that these factors are "relevant to good cause," but has imposed no requirement that all four factors weigh in favor of the party seeking leave to amend in order for the district court to allow an untimely amendment.[57] A district court has broad discretion in determining how to best preserve the integrity and purpose of its scheduling order.[58]

In this case, it is not in dispute that Gamp's December 7, 2012 request to amend the complaint is untimely pursuant to this Court's second scheduling order stating that all amendments

---

[53] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

[54] Fed. R. Civ. P. 16(b).

[55] *S&W Enters.*, 315 F.3d at 536.

[56] *Sw. Bell,* 346 F.3d at 546 (citing *S&W Enters.*, 315 F.3d at 536).

[57] *Fahim v. Marrior Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

[58] *Sw. Bell*, 346 F.3d at 547.

to pleadings must be made by September 10, 2012.[59] Considering the first factor, Gamp has not provided any reason for his failure to move timely for leave to amend, and from the record it is clear that he knew of Winn Dixie's possible involvement in this action before the September 10, 2012 deadline.[60] However, this is only one factor in the analysis for good cause.

Turning to the second factor, the Court finds that Gamp's proposed amendment adding Winn Dixie is of importance. If Winn Dixie is liable for the alleged injuries of Gamp, its inclusion as a direct defendant is important to the just and complete resolution of this matter.

Concerning the third and fourth factors together, this Court finds that any prejudice to Winn Dixie would be minimal, and that any undue hardship imposed on Winn Dixie can be mitigated by a continuance. While allowing Gamp's amendment would make Winn Dixie a direct defendant in this case, it is important to note that Winn Dixie is already a party to this matter and has had ample notice of these claims. Penn's third party complaint brought Winn Dixie into this suit on October 8, 2012.[61] From that time, Winn Dixie was apprised of its potential liability in this suit. Allowing Gamp now to add Winn Dixie as a direct defendant does not substantially alter Winn Dixie's burden to defend itself in this matter. Moreover, the trial date is still six months away. However, in light of the untimeliness of Winn Dixie's addition to this suit, the Court will entertain a request for a continuance of the trial date and any other necessary dates in the scheduling order to provide Winn Dixie a full and fair opportunity to defend itself. For these reasons, the Court finds that good cause exists to allow Gamp leave to file a fourth supplemental and amended complaint and amendment

---

[59] *See* Rec. Doc. 23 at p. 2 (scheduling order).

[60] *See* Rec. Doc. 16 at p. 8 (joint status report filed on July 19, 2012 where Penn notes that Gamp has not added Winn Dixie as a defendant).

[61] Rec. Doc. 26.

would serve the fair and complete resolution of this matter.

## IV. Conclusion

Penn's third party complaint makes allegations against Winn Dixie that could be interpreted as claiming that Winn Dixie improperly packaged groceries. Accordingly, the allegations in the third party complaint are consistent with Fifth Circuit precedent recognizing liability for a grocer under such circumstances, and therefore Penn has stated a claim upon which relief can be granted. Therefore, the Court herein denies Winn Dixie's motion to dismiss Penn's third party complaint pursuant to Rule 12(b)(6).

Concerning Gamp's request for leave to file a fourth supplemental and amended complaint, the Court finds that good cause exists to allow such an amendment, even though untimely. Therefore, the Court will grant Gamp leave to file his amended complaint. However, the Court will also entertain a request to continue the trial and any dates in the scheduling order to afford Winn Dixie sufficient time to prepare. Accordingly,

**IT IS HEREBY ORDERED** that Winn Dixie's Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6)[62] is **DENIED**.

**IT IS FURTHER ORDERED** that Gamp's Motion for Leave to File Fourth Supplemental and Amended Complaint[63] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 25th day of January, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[62] Rec. Doc. 33.

[63] Rec. Doc. 40.